(C.D. 3636)

AIRGO INTERNATIONAL CORP., a/c SHELBY AMERICAN, INC., ET AL.
v. UNITED STATES

United States Customs Court, First Division

(Decided December 10, 1968)

*Stein & Shostak* for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

MALETZ, Judge: The protests enumerated in schedule "A", hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in the Schedule of Cases annexed hereto and made a part hereof, and assessed with duty at $2.25 each and 35% ad valorem or at 45% ad valorem under Items 711.94 and 711.96, respectively, of the Tariff Schedules of the United States, consists of speedometers, (other than bicycle speedometers) tachometers and parts thereof.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in the Schedule of Cases annexed hereto was entered or withdrawn from warehouse on or after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule of Cases, under Sec. 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 10% ad valorem under item 711.98 of the Tariff Schedules of the United States as amended by Section 36(k)(2) of said Public Law 89–241.

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

This stipulated statement of the facts is sufficient to remove the present merchandise from the classification determined by the government and to establish the proper classification, as claimed by the plaintiffs, to be under item 711.98, Tariff Schedules of the United States, as amended by section 36(k)(2) of Public Law 89–241, as speedometers (other than bicycle speedometers), tachometers, and parts thereof.

To the extent indicated the protests are sustained and judgment will be rendered accordingly.